IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TRACY COLLIER,

       Petitioner,

v.                                                                                               CASE NO.  5:06cv187-RH/AK

JAMES McDONOUGH,

       Respondent.

_____/

## ORDER OF DISMISSAL

This petition for writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation (document 36) and the objections (document 42).  I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that the petition should be denied.  I accept the report and recommendation and adopt it as the opinion of the court.  Only two issues warrant further discussion.

# I

The petitioner represented himself at his state-court trial.  He asserted in his state-court motion for collateral review, as filed under Florida Rule of Criminal Procedure 3.850, that the trial court failed to conduct an adequate inquiry into the petitioner's decision to represent himself.  (Document 20, ex. H.)  The petitioner asserted in his supplemental Rule 3.850 motion that the trial court erred by not renewing an offer to provide an attorney during pretrial and post-trial proceedings.  (Document 20, ex. I.)  The state collateral-review court rejected these claims without a hearing on the ground that the record showed that the trial court had on several occasions conducted a full inquiry into the petitioner's capacity to represent himself and had confirmed immediately prior to jury selection that the petitioner did indeed wish to continue representing himself.  (Document 20, ex. J.)  These findings were correct, as the report and recommendation properly concludes.  (Document 36, at 20.)  The state trial judge did all the Constitution requires and conducted a constitutionally adequate inquiry prior to granting the petitioner's request to represent himself.

In his objections, the petitioner may suggest a related but different claim. He may suggest he was not in fact competent to represent himself.  The petitioner

may even suggest he was not competent to go to trial at all.  The standards for competence to represent oneself and to go to trial at all are of course different.  *See, e.g., Indiana v. Edwards*, --- U.S. ----, 128 S. Ct. 2379, 2388, 171 L. Ed. 2d 345 (2008) ("[T]he Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under [*Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960) (per curiam)] but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves."); *Massey v. Moore*, 348 U.S. 105, 108, 75 S. Ct. 145, 99 L. Ed. 135 (1954) ("One might not be insane in the sense of being incapable of standing trial and yet lack the capacity to stand trial without benefit of counsel.").

Neither the state collateral court nor the magistrate judge conducted a hearing on the petitioner's competence.  Neither the state collateral court nor the magistrate judge addressed the issue of competence as distinct from the issue of the adequacy of the trial court's handling of the matter during the original pretrial and trial proceedings.

I assume for purposes of this order that it is possible for a trial court to handle a matter of this kind properly, making all required inquiries and providing all required advice, but for a defendant nonetheless to be incompetent in fact, either to represent himself or, for that matter, even to proceed to trial.  A trial court of

course need not hold a competency hearing in every case; instead, the court's duty to inquire into a defendant's competence is triggered primarily by conduct or statements suggesting there may be an issue.  Thus the Eleventh Circuit has said:

> If, when viewing all relevant circumstances, a court concludes a defendant's equivocal, irrational, or otherwise uncooperative conduct stems from serious mental illness, confusion, or any other condition indicative of a lack of understanding, the court should prohibit the defendant from proceeding pro se, even if the defendant has rejected counsel or made an affirmative request to proceed without counsel.

*United States v. Garey*, 540 F.3d 1253, 1267 n.9 (11th Cir. 2008) (en banc).  But even in the absence of any violation of the duty to inquire, a defendant who was in fact incompetent—either to represent himself or even to go to trial at all—could be entitled to relief.  The burden of proving any such incompetent-in-fact claim of course would be on the petitioner.  *See, e.g., Jones v. Walker*, 540 F.3d 1277, 1292 (11th Cir. 2008) (en banc).

If this is what the petitioner now claims, he is making the claim for the first time.  In state court, he challenged only the adequacy of the trial court's contemporaneous handling of the matter.  In short, any separate incompetent-in-fact claim has not been exhausted in state court and properly could be reviewed here only upon a showing of cause and prejudice.  The petitioner has shown neither.  And even if an *assertion* of incompetence—as distinguished from a *showing* of incompetence—could be deemed cause, the petitioner still has failed to

show prejudice.  The petitioner is not entitled to relief on any claim of incompetence in fact, if he indeed has made such a claim, even now.

**II**

The petitioner was convicted of lewd and lascivious battery on a child under age 16.  The victim, who was 15 at the time of the battery, wrote a letter after the trial recanting her testimony.  The recantation was one of the grounds on which the petitioner sought collateral review in state court.  The state court conducted an evidentiary hearing.  The victim, by that time age 20, testified.  She said her trial testimony was true and her recantation was false.  The court credited the testimony.  And the court said the recantation letter was not newly discovered evidence and did not undermine confidence in the outcome of the original trial.

One part of the state court's analysis was incorrect.  The recantation letter is newly discovered evidence, even though the author of the letter—the victim—now says it was false.  At any retrial, the letter or its substance would be admissible under § 90.614(2), Florida Statutes—the state law counterpart to Federal Rule of Evidence 613.  But not all newly discovered evidence entitles a defendant to a new trial.  *See, e.g., Herrera v. Collins*, 506 U.S. 390, 400-01, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).

As the report and recommendation correctly notes, the petitioner

*Case No: 5:06cv187-RH/AK*

procedurally defaulted any claim that the failure to grant a new trial based on the recantation letter violated the federal Constitution, because the petitioner presented no such federal claim in state court.  *See, e.g., Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004).  Moreover, as *Herrera* makes clear, if newly discovered evidence ever provides an independent basis for federal habeas relief, the circumstances in which relief is available are surely rare.  *See Herrera*, 506 U.S. at 411-12.  In the case at bar the petitioner plainly had no federal right to relief based on the recantation letter, especially in light of the state court's reasonable finding that the recantation letter was false.

### III

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the further opinion of the court.  The petition for writ of habeas corpus is DENIED with prejudice. The clerk must enter judgment and close the file.

SO ORDERED on November 17, 2008.

                                               s/Robert L. Hinkle
                                               Chief United States District Judge